UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDY E. U.V.,<br><br>Petitioner,<br><br>v.<br><br>TONYA ANDREWS, WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | No. 1:26-cv-06731-TLN-JDP<br><br>A# 201-487-316<br><br>**RELEASE ORDER** |

This matter is before the Court on Petitioner Freddy E. U.V.'s[1] ("Petitioner") Petition for Writ of Habeas Corpus (the "Petition"). (ECF No. 1.) The matter is fully briefed. (ECF No. 8.) For the reasons set forth below, the Petition is GRANTED and the Court orders Petitioner's IMMEDIATE RELEASE.

///

///

///

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

## I. Factual and Procedural Background

Petitioner is a noncitizen who is currently in pending removal proceedings. (ECF No. 8-1 at 2; ECF No. 8-3 at 1.) Petitioner has no criminal history. (ECF No. 8-1 at 3.) Petitioner appears to be seeking asylum. (ECF No. 1 at 6.)

On or about June 23, 2026, Petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE") agents during a targeted operation in Miami.[2] (*Id.* at 5; ECF No. 8-1 at 2.) He was initially detained at an immigration center in Miramar, Florida, and then moved between other facilities in Florida and California before ultimately being transferred to the Golden State Annex detention facility where he currently remains. (ECF No. 1 at 5–6.) Petitioner states that he has been denied medication for several health conditions while in detention. (*Id.* at 6.)

On August 19, 2026, an immigration judge ("IJ") denied Petitioner's request for custody redetermination. (ECF No. 8-5 at 1.) The entirety of the IJ's reasoning is as follows: "[Petitioner] has not met his burden with regards to flight risk." (*Id.*)

On August 24, 2026, Petitioner filed the instant Petition challenging the lawfulness of his civil immigration detention. (ECF No. 1.) Petitioner seeks immediate release. (*Id.* at 17.)

## II. Standard of Law

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a

---

[2] Petitioner states that he was detained on June 22, 2026 (ECF No. 1 at 5), but the government's documents indicate he was detained on June 23 or 24, 2026 (ECF No. 8-1 at 2). For purposes of the Court's analysis here, this precise date is immaterial.

district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. ANALYSIS

Petitioner claims his civil immigration detention violates the Fifth Amendment Due Process Clause. (ECF No. 1 at 16–17.) In opposition, Respondents argue Petitioner is lawfully detained as he has received all the process he is due under 8 U.S.C. § 1226(a). (ECF No. 8 at 1.)

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693 (2001). These due process rights extend to immigration proceedings, including detention and deportation proceedings. *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

### A. Liberty Interest

"Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71 (1992)). "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025).

The Court finds Petitioner has a clear interest in his continued freedom protected by the Due Process Clause. Petitioner developed a liberty interest when he was living freely prior to his

current detention, and that interest only strengthened over time. Even if he is subject to removal or his freedom could be revoked by statute, Petitioner's liberty is still protected by the Due Process Clause. *See Hernandez*, 872 F.3d at 993, *Zadvydas*, 533 U.S. at 693. Respondents do not dispute Petitioner's claim to a protected liberty interest.

B. Process Required

To determine what process is necessary to ensure any deprivation of Petitioner's liberty interest accords with the Constitution, the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). As set forth below, these factors support Petitioner's right to notice and a constitutionally compliant hearing.

First, as explained above, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by the government's actions detaining him. Accordingly, this factor weighs in favor of finding Petitioner has a significant private interest that has been affected by his detention.

Second, the risk of erroneous deprivation of Petitioner's liberty interest is considerable. Because civil immigration detention is "nonpunitive in purpose and effect," a "special justification" must outweigh Petitioner's protected liberty interest for his detention to comport with due process. *Zadvydas*, 533 U.S. at 690. "The government has legitimate interests in protecting the public and in ensuring that noncitizens in removal proceedings appear for hearings[.]" *Hernandez*, 872 F.3d at 990. However, to detain a noncitizen for those reasons, an IJ must examine the nine factors set forth in *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). *Martinez v. Clark*, 124 F.4th 775, 783 (9th Cir. 2024). Upon review of the record, the IJ's decision to deny Petitioner release due to flight risk does not pass constitutional muster.

IJ detention determinations are reviewed for "abuse of discretion." *Martinez*, 124 F.4th at 783–84 (9th Cir. 2024). It is an abuse of discretion for an IJ to render a decision that is "arbitrary,

irrational, or contrary to law." *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016) (quoting *Avagyan v. Holder*, 646 F.3d 672, 678 (9th Cir. 2011)). A decision with no reasoned explanation for the IJ's findings is an abuse of discretion. *See Hernandez Arechiga v. Bowen*, No. 26-CV-1516, 2026 WL 1500398, at *4 (C.D. Cal. May 26, 2026) (finding abuse of discretion where IJ denied bond based on conclusory findings without explanation and collecting cases finding similarly); *see also Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) (citing *Yepes–Prado v. INS*, 10 F.3d 1363, 1370 (9th Cir. 1993) ("Immigration judges, although given significant discretion, cannot reach their decisions capriciously and must indicate how they weighed the factors involved and how they arrived at their conclusion.") (cleaned up); *Barnica-Lopez v. Garland*, 59 F.4th 520, 530 (1st Cir. 2023) (citing *Pan v. Gonzales*, 489 F.3d 80, 87 (1st Cir. 2007) (IJs must give "reasoned consideration to the evidence as a whole, [make] supportable findings, and adequately explain[] its reasoning").

Here, the IJ's decision to deny Petitioner's request for custody redetermination is conclusory and lacks any indication that the IJ meaningfully considered evidence or testimony. The IJ's one-sentence decision contains no mention of the *In re Guerra* factors or any other reasoned explanation as to how the IJ found Petitioner poses such a fight risk that no alternatives to detention could mitigate that risk. Without any meaningful explanation of the IJ's reasoning, factors considered, evidence weighed, or factual support for the IJ's finding, Petitioner has not been provided adequate due process to ensure the deprivation of his liberty is justified. The Court thus finds the risk that Petitioner has been erroneously deprived of his liberty is high.

As to the final *Mathews* factor, the government's interest in detaining Petitioner without notice or a proper bond hearing is low. The effort and cost required to provide Petitioner procedural safeguards are minimal. *See Doe*, 787 F. Supp. 3d at 1094. Notice and custody hearings are routine processes for Respondents, and any burden associated with their provision does not outweigh Petitioner's substantial liberty interest and the risk of erroneous deprivation. Respondents set forth no legitimate interest in detaining Petitioner without these processes.

Upon consideration of the *Mathews* factors, the Court finds due process required that Petitioner receive notice and a constitutionally compliant hearing before a neutral decisionmaker

to determine whether his detention was justified. He received neither. Petitioner's detention therefore violates the Fifth Amendment Due Process Clause.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the Petition for Writ of Habeas Corpus. (ECF No. 1.) IT IS HEREBY ORDERED:

1. Respondents must IMMEDIATELY RELEASE Petitioner Freddy E. U.V. (A # 201-487-316) from custody. At the time of release, Respondents must return all of Petitioner's documents and possessions. Respondents shall file a **notice of compliance** with this provision of the Court's Order within **two (2) court days** from the date of this Order.

2. Respondents are ENJOINED from re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where the government must establish by clear and convincing evidence that its interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

3. Petitioner's application to proceed *in forma pauperis* (ECF No. 2), motion for temporary restraining order (ECF No. 3), and motion to appoint counsel (ECF No. 4) are DENIED as moot.

4. Respondents' motion to dismiss (ECF No. 8) is DENIED.

5. **The Clerk of Court is directed to serve Golden State Annex with a copy of this Order.**

6. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

DATE: October 19, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE